JUN 22 2026 AM 9:13
FILED-USDC-CT-HARTFORD

### UNITED STATES DISTRICT COURT OF CONNECTICUT

**WILFRED RIVERA JR**                                                              **06/22/26**

        **Plaintiff**                                   **CASE NO. 3:22-cv-00972-MPS**

**EQUIFAX**

        **Defendant.**

## PLAINTIFF'S IN GOOD FAITH NOTICE REGARDING SETTLEMENT EFFORTS AHEAD OF SCEDUELING ORDER TO PRESERVE COURT TIME AND RESOURCES

Plaintiff respectfully notifies the Honorable Court that, upon the Court's Order on June 18th, 2026 for encouragement of settlement discussions, Plaintiff on June 18th initiated good-faith efforts to explore a **voluntary resolution** of this matter in the interest of further conserving the precious time and resources of not only the parties, but most severely important, the Honorable Court.

Despite Plaintiff's sincere effort yet once again to look beyond the matter and resolve this matter honorably and without further burden upon the Court, no resolution was possible, as Defendant's intent remains unwavering in its prior position and most confidently continues to maintain that despite the pending issues, the matter will ultimately be resolved in its favor. (*Plaintiff provides his initial email to Defendant which was responded to June 19th, 2026 9:26 AM solely as proof efforts did occur as claimed to show the Court Plaintiff is not merely saying so. See EXHIBIT A*)

Plaintiff states most respectfully, despite Defendants failing to oppose and admitting it unopposed Plaintiff Motion To Stay Discovery and the facts expressed therein, despite Defendant without a **mandated non-optional Rule 56(d) Affidavit,** pleading it needed Discovery to defend early resolution sought by the Plaintiff via Plaintiff's Motion For Summary Judgment given there is no genuine dispute of material fact upon DELETION of the inaccurate information rendering plaintiff complaint valid and said complaint further supported by the Consumer Financial Protection Bureau findings against Defendant on Jan 17th 2025, despite Defendant successfully conducting broad, extensive, unproportionate, unjustified by the record, irrelevant, inappropriate, abusive and harassing Discovery while simultaneously seeking early resolution soon after Plaintiff was denied early resolution via filing it's Motion For Judgment On The Pleadings directly contrary to its previously proclaimed Discovery needs (*see Defendant **doc #40, doc #40-1, doc #72**),* Plaintiff remained willing to comply with any settlement procedures the Court deemed appropriate.

However, Plaintiff respectfully submits this notice in the spirit of judicial economy. Having undertaken additional good-faith settlement efforts consistent with the Court's guidance, and those efforts having proven unsuccessful, Plaintiff strongly believes the present posture of the matter may implicate the Equitable principle that **"Equity does not require an idle gesture".**

1

## Equitable Considerations

May the Honorable Court recognize that Equity is concerned not merely with the form of proceedings, but with their substance, fairness, and practical effect. The Equitable powers of the Court exist to ensure that justice is administered through candor, good faith, and adherence to procedures designed to protect all parties equally. Where the record reflects unresolved concerns regarding notice, procedural regularity, genuine need and proportionality of Discovery, compliance with scheduling obligations, or the accurate characterization of the parties' positions, Equity most certainly permits the Court to look beyond form and consider whether the proceedings have remained consistent with the principles of fairness upon which confidence in the judicial process depends.

Equity has long favored diligence, clean hands, and honorable conduct while withholding its aid from conduct that appears inconsistent with fairness, proportionality, or the faithful administration of justice. Plaintiff respectfully submits that he despite the severe harm he has endured as a result of Defendants contradictory conduct throughout the case, has consistently attempted to proceed in good faith, including pursuing settlement opportunities abundantly, complying with Court directives, raising concerns seeking clarity through proper procedural channels including his Rule 72(a) filing, and seeking resolution of disputes before the unnecessary expenditure of additional resources. In Plaintiff's respectful view, the interests of Equity are best served by ensuring that the record accurately reflects the parties' conduct and positions, that procedural concerns are addressed before prejudice becomes irreversible, and that the matter proceeds in a manner consistent with fairness, judicial economy, and the integrity of these proceedings.

Plaintiff most respectfully reminds this Court that it serves as both a Court of law and a Court of Equity. When Equitable jurisdiction is invoked, the Judge becomes not only a fiduciary and guardian of fairness but of conscience. see ***Pomeroy's Equity Jurisprudence***: *"Equity acts in personam and is administered by the conscience of the court. See "***Chambers v. NASCO, Inc., 501 U.S. 32 (1991):*** *"The federal courts possess inherent power to protect the integrity of their proceedings."* Although Plaintiff complaint is eloquently expressed, *see* **Haines v. Kerner, 404 U.S. 519 (1972):** *"We hold Pro Se complaints to less stringent standards than formal pleadings drafted by lawyers."* Where one party has shown **unclean hands,** and the other especially a **Pro Se litigant** has demonstrated good-faith effort and evidentiary clarity, the Court must not permit procedural formalism or bad faith tactics <u>to defeat justice</u>. May the Honorable Court recognize and be reminded that the non-negotiable duties of Loyalty, Candor, Impartiality, Protection Of Privacy, Fairness, Transparency and Maximum Accuracy of reporting agencies to ensure the Publics crucial necessary confidence in the banking system are not merely Statutory, but Equitable, and for very strong good reason. Without the publics confidence, the banking system collapses hence why Defendant faced severe scrutiny via the Consumer Financial Protection Bureau on Jan 17th, 2025, **<u>the very harm it has committed against the Plaintiff which only has incredibly compounded during the case via Defendants continued intentional procedural conduct.</u>**

2

Credit reporting agencies must not trivialize the rights and dignity of consumers by engaging in egregious and abusive business and Court practices, as evidenced in this case against the Plaintiff. Such conduct represents not only a flagrant disregard for the principles of fairness and justice but also a brazen contempt for the authority of the Federal System, its Courts, honorable judges, and the Congress and its laws. Credit reporting agencies are unequivocally Equitably obligated to demonstrate good faith, transparency, fairness, respect and accountability to consumers and the governing authorities **at any and all times, without exception**. EQUIFAX has without question failed to maintain reasonable procedures to ensure **accurate, transparent, fair and equitable reporting** with respect to Plaintiff and is in fact without question liable for the damages that Plaintiff is seeking where even if Plaintiff had no "actual damages" Plaintiff in fact need not show actual damages see *Levine v. World Financial Network Nat. Bank* but **only prove** Defendant **has willfully violated the FCRA** as ruled under *Omar Santos et al. v. Experian Information Solutions Inc*. which Plaintiff has also clearly and conspicuously done **without question** as well where Defendant has also admitted to fault via **deletion of the disputed inaccurate information.**

**FOR THE RECORD**: Defendant is confident this matter will be resolved on behalf of its pending Rule 12(c) Motion filed contradictorily to its Discovery needs and **despite its own admission of fault via deletion.** Plaintiff most respectfully would like to give notice to the Honorable Judge in case for whatever reason he considers said Motion. In Plaintiff's further aid to the Court in preventing unnecessary exhaustion of time and resources, Plaintiff notifies the Court that apart from a **Rule 56(d)** and **Rule 26(g)** defects, another procedural defect regarding Defendant is present. In March 2026, counsel Sara E. Sweeney via a new firm "FREEMAN MATHIS & GARY LLP" submitted Defendants Rule 12(c) Motion. However, given counsel Sara E. Sweeney transferred law firms in August 2025, this firm has completely failed to file a Notice of Appearance as required by **Connecticut Practice Book § 3-8, FRCP Rule 11(a)** and **Civ. Rule 83.1(c)(2)**, also failing to serve notice to Plaintiff under **Practice Book § 3-4** and **Rule 5.** Plaintiff only possess counsel appearance **doc# 31** filed 05/16/25 and is confused on where to serve documents to counsel.

Because an un-appeared firm cannot submit admissible evidence nor considerable filings under the FRCP, Defendants Rule 12(c) Motion filed by an un-appeared firm is in fact by default, an egregious nullity. Plaintiff most respectfully notifies the Court, should the Judge consider allowing counsel a retroactive opportunity to cure this defect by re-appearing and re-filing the Motion, it would be entirely inequitable. It will not alter the historical record, nor will it erase the distinct severe procedural harm already endured by the Plaintiff rather amplify it. Instead, permitting a late filing at this stage serves only to incentivize and reward severe procedural non-compliance and undermine the orderly administration of the docket while unnecessarily prolonging these proceedings to the utter detriment of judicial economy.

Plaintiff submits this notice solely out of the utmost respect for the Honorable Court and its Honorable Judges in the interest of judicial economy, Equitable case management, and the conservation of judicial resources, while remaining fully respectful of whatever course the Court deems most appropriate in accordance with **FRCP Rule 1.**

Filed In Good Faith    "Fiat iustitia raut caelcum"

3

**CERTIFICATE OF SERVICE**

Plaintiff hereby certifies that on this June 22 2026, a true and correct copy of the foregoing document was served by regular United States postage mail to:

Sara E. Sweeney at:
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

&

Sara E. Sweeney at also:
FREEMAN MATHIS & GARY LLP
One Boston Place Suite 2200
Boston, MA 02108

I declare under penalty of perjury that the foregoing is true and correct.

Thank you most kindly.

4

# EXHIBIT A

## Greetings. 22 cv 00972

From:   Wilfred Rivera (w.rivera2145@yahoo.com)

To:     ebarton@seyfarth.com

Date:   Thursday, June 18, 2026 at 04:11 PM EDT

Greetings Mr. Barton hope this email finds you extremely well. Notwithstanding the parties prior inability to reach resolution, I being an honorable man remain committed to proceeding in honor, good faith, and with due regard for the resources of both the parties and most importantly the Honorable Court. Out of sheer respect and high regard for the Honorable Magistrate Judge and the Court given the recommended referral for settlement conference, Plaintiff remains willing to consider any fair and meaningful opportunity for resolution consistent with Equity and Justice ahead of any Court order, to preserve judicial resources.

If you are willing to confer between us ahead of schedule, I am open and look forward to what you have in mind. If you wish to wait for a set time and date to begin this conversation, I will most certainly respect that.

Thank you most kindly.

Best regards, have a wonderful day.

RE: Greetings. 22 cv 00972

From: Barton, Eric (ebarton@seyfarth.com)

To: w.rivera2145@yahoo.com

Cc: shessami@seyfarth.com

Date: Friday, June 19, 2026 at 09:26 AM EDT

SETTLEMENT COMMUNICATION
INADMISSIBLE FOR ANY PURPOSE

Mr. Rivera-

Good morning and thank you for your e-mail.

Covered

**Eric Barton** | Partner | Seyfarth Shaw LLP
1075 Peachtree Street, N.E. | Suite 2500 | Atlanta, Georgia 30309-3958
Direct: +1-404-885-6772 | Fax: +1-404-892-7056
EBarton@seyfarth.com | www.seyfarth.com

 Seyfarth